**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4315

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY G. MALONE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:06-cr-00230-F)

Submitted: January 9, 2008      Decided: February 13, 2008

Before KING and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Gene Malone appeals the sentence of ninety-seven months imposed pursuant to his guilty plea to attempted armed bank robbery, 18 U.S.C. § 2113(a) (2000), and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A) (2000). We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court must calculate the appropriate guideline range, consider that range in conjunction with the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and impose sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We review a post-Booker sentence to determine whether it is "within the statutorily prescribed range" and reasonable. Id. at 547. "[A] sentence within the proper advisory guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456 (2007). When conducting a reasonableness inquiry, we review "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

Malone first contends that his offense level should not have been enhanced by two levels because of his leadership role in the offense. See U.S. Sentencing Guidelines Manual § 3B1.1(c) (2006). The evidence, however, establishes that Malone was the

- 2 -

principal planner of the robbery. He recruited Joseph McKay to assist in the crime. Additionally, it was Malone who selected the bank that was to be robbed, carried a gun, and supplied the masks and gloves that he and McKay wore during the attempted robbery. We conclude that the district court did not clearly err in finding that Malone played a leadership role in the offense.

Malone also argues that the district court erred when it refused to depart downward from the advisory guideline range and failed to impose a variance sentence. First, the district court's decision not to depart is not reviewable on appeal because the court did not fail to recognize its authority to depart. See United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006); United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004). Second, the district court properly rejected Malone's request for a variance sentence, observing that this was not an unusual case. We note that the sentence imposed was at the low end of the properly calculated advisory guideline range, was within the statutory limits, and was imposed after consideration of the sentencing factors identified at 18 U.S.C.A. § 3553(a). Malone's age, employment record, and the allegedly aberrant nature of the offense are insufficient to overcome the presumption that the sentence within the advisory guideline range is reasonable. See United States v. Montes-Pineda, 445 F.3d 275, 279 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

We conclude that the arguments raised on appeal are without merit and that Malone's sentence is reasonable. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED